## THE STATE v. JOHN K. ZEIGLER.

1. The constitutionality of a law authorizing a conviction for a penalty exceeding sixteen dollars, without allowing a trial by jury, is doubtful.
2. A law authorizing the common council of Lambertville to pass an ordinance that penalties may be enforced by a summary conviction, before the mayor, "or justices of the peace of the town," does not warrant an ordinance that such proceedings may be taken before "any one of the justices." A conviction by one justice held bad.
3. The ordinances of a corporation must be enforced in the manner prescribed by the charter.
4. Summary proceedings are in derogation of the common law, and must be strictly carried on in the manner prescribed by the statute.
5. Where the charter authorizes the council to enforce their ordinances by penalties not exceeding fifty dollars, to be recovered by an action of debt, the council must prescribe a precise penalty for each offence; an ordinance declaring a penalty not exceeding fifty dollars, is bad for uncertainty.

The *certiorari* in this case brings up the proceedings and conviction of the prosecutor, by a "justice of the peace of the county of Hunterdon, residing in the town of Lambertville," adjudging him to pay a fine of twenty-five dollars.

It was enacted by the original charter, approved March 1st, 1849, (*Pamph. L., p.* 247,) that the common council of the town of Lambertville, may enforce the observance of their by-laws and ordinances, by enacting penalties for the violation thereof, either by imprisonment not exceeding seven days, or by fine not exceeding fifty dollars, recoverable with costs in an action of debt, in the name of the treasurer of the town of Lambertville, for the use of the inhabitants of the town of Lambertville, without specifying the individual name of the treasurer for the time being, before any justice of the peace residing in said town, or in the township of West Amwell. The second section of a supplement, approved February 19th, 1851, (*Pamph. L.* 33,) authorizes the common council to pass laws and ordinances, enacting that the penalties for the violation of any of the laws and

ordinances of said town, may be enforced by information and summary conviction, before the mayor or justices of the peace of said town, or upon the view of said mayor or justices; and that the said mayor or justices, upon information given upon oath or affirmation, may issue warrant or warrants, for the apprehension of any offender or offenders, upon the return of which the same proceedings may be had as upon information and summons.

An ordinance of the said town, passed July 7th, 1851, for regulating oyster cellars, beer shops, ten-pin alleys, and ball alleys, after prescribing the mode whereby persons may be licensed to keep such places, ordains "that any person having or keeping any oyster cellar, beer shop, ten-pin alley, or ball alley, without license, shall forfeit, for each offence, any sum not exceeding fifty dollars, to be recovered according to the provisions of an ordinance entitled 'a supplement to an ordinance providing for enforcing the ordinances of this council.'" This supplement, which was passed April 7th, 1851, ordains, that a person offending against any of the ordinances, and being thereof convicted before the mayor, "or either of the justices of the peace of said town, shall forfeit and pay such sum as said ordinance shall direct, and that said mayor or justices shall and may proceed to enforce any of the said ordinances in the manner prescribed by the second section of the aforesaid supplement to the charter, approved February 19th, 1851." It also ordains, that if any person shall be thus convicted, then the said mayor or justice shall direct and send his warrant to any of the constables, commanding him to levy the forfeiture or penalty by distress and sale of the goods and chattels of said offender; and if no distress can be had, then the offender shall, by warrant of said mayor or justice, be committed to the common jail of Hunterdon, or the jail of said town, until the forfeiture and costs of conviction be paid, provided such imprisonment shall not exceed the term of seven days.

Three of the citizens of Lambertville, having presented an information upon oath to one of the justices of the town, set-

ting forth that John K. Zeigler, at certain specified times, did have and keep an oyster cellar and beer shop in said town contrary to the ordinance, the said justice thereupon issued a warrant, directed to one of the constables, commanding him to apprehend the said Zeigler, and bring him forthwith before him to answer the said complaint. The defendant, having been arrested and brought before the justice, entered into a recognizance to appear at a subsequent day. On that day he appeared, and counsel were heard on both sides. Various objections were made to the proceedings, which, being overruled by the justice, the defendant demanded a trial by jury, and this being denied, he admitted that he had kept an oyster cellar and beer shop without a license, as charged, and thereupon the said justice convicted him of the offence, and adjudged that "for such offence he forfeit and pay a fine of twenty-five dollars, in accordance with the provisions of said ordinance."

*A. V. Van Fleet* and *B. Van Syckel*, insisted, for the plaintiff in *certiorari*—

*First.* The warrant issued by the justice was illegal. The supplement of 1851 did not authorize a criminal, but a civil process. One justice had no power to act alone; the supplement authorizes summary proceedings by the mayor or "justices of the peace of said town." Lambertville has more than one justice. The ordinance relied on to carry into effect this supplement, requires the proceedings to be had before " either of the justices of the peace of said town ;" but this is wholly unwarranted.

A corporation can exercise no powers but such as are expressly granted by the charter. 2 *Cranch* 127 ; 12 *Wheat.* 64 ; 13 *Peters* 587.

*Second.* The common council has never passed any such ordinance as was intended by the supplement. The ordinance of April, 1851, did not sufficiently prescribe the mode of proceeding, and it directs the conviction to be enforced in a manner authorized by no law. Summary proceedings are

unknown to the common law, and in this state, are regulated by no general statute. The act for suppressing vice and immorality, *Nix. Dig.* 898, directs the whole proceeding in cases therein specified, but in no others.

*Third.* The complaint was not made as directed by the ordinance of April 19th, 1849, which requires complaints to be made to the mayor, who, if he thinks proper, may institute a suit.

*Fourth.* The ordinances relied on were not shown to have been duly passed, as required by the charter. 5 *Cow.* 465.

*Fifth.* The defendant was entitled to a trial by jury. *Con. of N. J., art. I.* § 7, 8, 9. These provisions are broader than those contained in the constitution of 1776, in force when the case of *Johnson* v. *Barclay*, 1 *Har.* 1, was decided. The warrant is a criminal warrant, and the justice took the defendant's recognizance for his appearance at a future day, a proceeding applicable only to a criminal case, in this case, we submit, altogether illegal. The defendant has been treated as a criminal, although no law makes it a crime to keep an oyster cellar or a beer shop.

*Sixth.* The whole proceeding is incongruous and void. A debt cannot be enforced by criminal proceedings. The penalty imposed by the ordinance is not certain. No action of debt could be sustained, and if not, the penalty cannot be enforced. The charter did not authorize the justice to fix the penalty for any particular offence; that must be done by the common council. ·

*C. A. Skillman* and *E. W. Scudder,* for the town, insisted—

The warrant was justified by the supplement. The proceeding intended was not a common law action, nor a criminal prosecution, within the meaning of the constitution of this state; but it is a special proceeding, of a criminal nature, for the enforcement of the reasonable police regulations of the town. The ordinance of April, 1851, sufficiently prescribes the mode of proceeding. Summary convictions are well

known to the law. 4 *Black. Com.* [*by Sharswood,*] 280 ; 2 *Jac. L. Dic.* 64 ; 1 *Burn's Just. Convic. ;* 4 *Com. Dig.* 667, *Justice, C.* 1.

The constitution does not regulate a case of this kind. It is a police regulation, enforceable by a summary proceeding without a jury, before the revolution, and since. The case of *Johnson* v. *Barclay,* 1 *Har.* 1, fully sustains us.

They also referred to *Keeler* v. *Milledge,* 4 *Zab.* 143 ; *Byers & Davis* v. *Com'th,* 42 *Penn. R.* 89 ; *Williams* v. *City Council,* 4 *Geo. R.* 509 ; *Carr* v. *The State,* 14 *Geo.* 354 ; 3 *Barb. R.* 281 ; *Duffy* v. *The People,* 5 *Hill* 75 ; *Mayor of Huntsville* v. *Phelps,* 27 *Ala.* 55 ; *In re N. L. Hose Co.,* 1 *Harris* 195 ; *Slaughter* v. *People,* 2 *Doug. Mich. Rep.* 334 ; 15 *Louisa.* 190 ; *State* v. *Cowen,* 29 *Miss.* 330.

The case of *Mayor of Huntsville* v. *Phelps,* is in point, that a penalty not exceeding a certain sum is sufficiently certain.

No process to collect the fine has been issued, so that the question whether that part of the ordinance of April, 1851, directing the mode of distress and sale of the offender's goods, &c., is legal, does not arise. If not legal, still an action of debt may be sustained on the conviction. The ordinance of 1849, referred to by the plaintiff's counsel, was superseded by the ordinance of 1851.

As to the proof of the ordinances, the state of the case agreed on, provides that the printed pamphlet before the court be taken and used in place of the original records.

The case was argued before Justices ELMER, VREDEN-BURGH, and WOODHULL.

The opinion of the court was delivered by ·

ELMER, J. Many of the charters of municipal corporations in this state authorize the enforcement of their by-laws and ordinances by proceedings of a nature more or less summary, so that the questions so well argued by the counsel in this case, have become of great general importance. The proper

construction of those provisions of our constitution, which require that the right of trial by jury shall remain inviolate, and that no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury, deserves the most careful consideration. Speaking for myself, I entertain strong doubts whether a pecuniary penalty exceeding sixteen dollars—that being the largest sum which could be tried by a justice without a jury before the constitution of 1776—can now be enforced otherwise than by the verdict of a jury, if demanded by the defendant; but it is not necessary to decide this question now, and no opinion is intended to be expressed in regard to it. Since the decision in the case of *Johnson* v. *Barclay*, 1 *Harr.* 1, the legislature has authorized jury trials in cases arising under the vice and immorality and bastardy acts, and will probably find it expedient, if not constitutionally necessary, to allow the same privilege in the enforcement of the numerous ordinances, so minutely regulating every man's business, in our incorporated cities and boroughs.

The act incorporating the town of Lambertville authorized a pecuniary penalty for the violation of a by-law or ordinance, to be recovered by an action of debt, which, of course, would be subject to the general rules applicable to such actions in other cases, in all matters not specially regulated by the charter. The second section of a supplement, approved February 19th, 1851, the exact meaning of which it is very difficult to understand, makes it lawful for the common council to pass ordinances, enacting that penalties may be enforced by information and summary proceedings, and the issuing of a warrant for the apprehension of the offender. It seems to have been supposed by the framers of this section, that the common law regulates these proceedings; and it appears that the justice, when he postponed the trial of the information, took a recognizance for the appearance of the defendant, as if it was an ordinary criminal proceeding, which he had no power to do. Such summary proceedings were unknown to the common law, and depend

entirely on the statutes authorizing them, which must be strictly pursued. 4 *Black. Com.* 280; 1 *Burn Jus.* 330; *The People* v. *Phillips*, 1 *Park. Cr. R.* 96; *Morewood* v. *Hollister*, 2 *Seld.* 309.

It is clear that this section, if it has any efficacy at all, can only be enforced by the aid of an ordinance regulating the proceedings in strict conformity with the power given. This, it is insisted by the counsel for the prosecution, has been done by the ordinance passed April 7th, 1851. Upon looking at that ordinance, however, it appears to be radically bad. Instead of authorizing the warrant and conviction to be by the mayor or " the justices of the peace of said town," it undertakes to legalize such summary and stringent proceedings by the mayor, " or either of the justices of said town." This is a plain departure from the authority conferred by the law. The whole proceeding, before a single justice, is *coram non judice* and void. The original charter authorized an action before " any justice of the peace of the town," but the language of the supplement is entirely different.

Besides this very material departure from the power conferred, the third section of this ordinance directs the conviction to be enforced by a warrant, commanding a constable to levy the forfeiture or penalty by distress and sale of the goods and chattels of the offender; and in case no such distress can be had, then the offender is, by warrant, to be committed to jail until the said forfeiture and costs be paid, provided such imprisonment shall not exceed the term of seven days. No such power as this is granted by the charter or the supplement. It is the well established law of corporations, that their by-laws or ordinances can be enforced only in the manner prescribed by the charter. *Grant Cor.* 79; *Kirk* v. *Nowill*, 1 *Term R.* 118; *Dundalk R. Co.* v. *Tapster*, 1 *Queen's B.* 670; *Bergen* v. *Clarkson*, 1 *Halst.* 352; *White* v. *Tallman*, 2 *Dutcher* 72. The answer to this difficulty, suggested by the counsel, that the conviction is good, even if it cannot be enforced in the manner prescribed,

but may be, by action of debt, is not sufficient. The action of debt was prescribed by the original charter, and required no previous conviction. Such a round-about way of reaching a plain result could never have been intended by the legislature. In my opinion the whole of this ordinance must stand or fall together.

The ordinance regulating oyster cellars, beer shops, &c., for violating which this conviction was made, is defective, in prescribing a forfeiture " not exceeding fifty dollars," instead of such precise sum as the council thought proper, which might be less, but could not exceed fifty dollars. The action of debt, the right to maintain which is not taken away by the supplement, can only be maintained for a sum capable of being ascertained at the time of the action brought. Neither the original charter or the supplement gives the right to fix what the penalty for any offence shall be, to the justice or to a jury ; it is the duty of the council to determine that question. It was held, in the case of *Piper* v. *Chappell,* 14 *Exch. R.* 649, that a by-law which authorized the master and wardens of a livery company, in London, to impose a penalty, for refusing to serve as a liveryman, of the sum of five pounds, or less, at the discretion of the said master and wardens, so it be not less than forty shillings, was good ; but the penalty of five pounds, for which the action was brought, was imposed for the particular case, as the by-law intended, and was thus rendered certain before the proceedings to enforce it were commenced.

The conviction must be quashed.

Cited in *McGear et al.* v. *Woodruff,* 4 *Vroom* 216.    *McConvill* v. *Mayor, &c., of Jersey City,* 10 *Vroom* 42.